**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CHRISTOPHER CAMPBELL,** | ) | |
| | ) | |
| Petitioner/Defendant, | ) | |
| | ) | **CIVIL NO. 06-cv-4084-JPG** |
| vs. | ) | |
| | ) | **CRIMINAL NO. 02-cr-40078** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

  This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

  Pursuant to a plea agreement and stipulation of facts, Petitioner pleaded guilty to one count of conspiracy to manufacture and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. On January 20, 2004, Petitioner was sentenced to 140 months imprisonment, five years supervised release, a fine of $200, and a special assessment of $100. No appeal was taken, and the instant motion under section 2255 was filed on April 21, 2006.

  Petitioner entered into a plea agreement with the Government in an attempt to benefit himself. In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255. Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the

> Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including ordered restitution, in exchange for the concessions made by the United States in this plea agreement. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ 11 (Doc. 446, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190.

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon petitioner's relevant conduct. At the time of the offense, the maximum penalty for manufacturing

methamphetamine was life imprisonment. 21 U.S.C. § 841(b)(1)(A). Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 121 to 151 months; Petitioner was sentenced to 140 months. There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced him above the statutory maximum.

Even if the Court were to find the waiver unenforceable, this motion is also barred by the one-year statute of limitations. *See* 28 U.S.C. § 2255. Judgement was entered on February 4, 2004. Petitioner did not file a direct appeal; therefore, for purposes of section 2255, Petitioner's conviction became final in February 2004. *See Moshier v. United States*, 402 F.3d 116, 118 (3rd Cir. 2005) (unappealed federal criminal judgment becomes final for purposes of calculating time to file a § 2255 motion when time for filing direct appeal expires). Petitioner filed the instant motion on April 21, 2006, over two years too late.

None of the exceptions to the statute of limitations can alter this finding. Part of the basis for this action is the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005). However, the Seventh Circuit has held that this ruling does not apply retroactively to convictions that were final prior to the Booker decision in January 2005. *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).

Therefore, because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this section 2255 motion. Furthermore, the motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: October 20, 2006**

      **s/ J. Phil Gilbert**
      **U. S. District Judge**