# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER CAMPBELL,** ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | **CIVIL NO. 06-cv-4084-JPG** |
| vs. ) | |
| ) | **CRIMINAL NO. 02-cr-40078** |
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| Respondent/Plaintiff. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court is Petitioner's application for certificate of appealability (Doc. 7) concerning an Order of this Court denying Petitioner's motion under 28 U.S.C. § 2255. No notice of appeal was filed in this case. Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Further, Section 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

Pursuant to a plea agreement and stipulation of facts, Petitioner pleaded guilty to one count of conspiracy to manufacture and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. On January 20, 2004, Petitioner was sentenced to 140 months imprisonment, five years supervised release, a fine of $200, and a special assessment of $100. On April 20, 2005, after a motion was filed by the Government, Petitioner's sentenced was reduced from 140 months to 93 months pursuant to Rule 35 of the Federal Rules of Criminal Procedure. No appeal was taken, and the instant motion under § 2255

was filed on April 21, 2006.

In his § 2255 motion, Petitioner claimed that the computation of his criminal history for sentencing was based on errors of fact. Petitioner further claimed that he had been denied his Sixth Amendment right because the drug amount was determined by the Court.

This Court denied Petitioner's § 2255 motion. Specifically, the Court found that Petitioner had waived his right to collaterally attack his conviction and sentence by entering into the plea agreement and that the waiver was enforceable. Even if the waiver had not been enforceable, however, the Court went on to state that the § 2255 motion would have to be denied because it was barred by the one-year limitations period.

Petitioner contends that his "re-sentencing" under Rule 35 of the Federal Rules of Criminal Procedure voided the original plea agreement. Petitioner further argues that since he did not enter a new plea agreement with respect to his "re-sentencing," he has not waived his right to collaterally attack his sentence. This argument, however, has no merit. In paragraph 10 of the original plea agreement, Petitioner agreed that the Government could, in its sole discretion, "file . . . a motion under Rule 35 of the Federal Rules of Criminal Procedure." Having accepted the benefit of the plea agreement - which included a provision for a Rule 35 modification of Petitioner's sentence - Petitioner cannot claim that the original plea agreement was voided by the Rule 35 modification.

Although Petitioner invoked the Sixth Amendment, he has not demonstrated that he possesses a potentially valid basis for waiving the plea agreement. Therefore, the Court finds that Petitioner has not made "a substantial showing of the denial of a constitutional right."

Accordingly, the motion for a certificate of appealability is **DENIED**.

**IT IS SO ORDERED.**

**Dated: October 15, 2008.**

                                                      s/ J. Phil Gilbert
                                                     **U. S. District Judge**